### UNITED STATES DISTRICT COURT
### DISTRICT OF CONNECTICUT

```
------------------------------- x
UNITED STATES OF AMERICA        :
                                :
                                :
                                :
v.                              :   Criminal No. 3:22-cr-90(AWT)
                                :
JOSEPH AMADEO                   :
                                :
                                :
------------------------------- x
```

### ORDER ON MOTION TO DISMISS INDICTMENT

The defendant, Joseph Amadeo, moves to dismiss the indictment in this case, which charges him with one count of receipt of child pornography in violation of 18 U.S.C. §§ 2252A(a)(2) and 2252A(b)(1) and carries a five-year mandatory minimum sentence. Amadeo argues that the five-year mandatory minimum sentence, as applied to him, violates the Eighth Amendment.

"The Cruel and Unusual Punishments Clause prohibits the imposition of inherently barbaric punishments under all circumstances." Graham v. Florida, 560 U.S. 48, 59 (2010) (internal citations omitted). "For the most part, however, the [Supreme] Court's precedents consider punishments challenged not as inherently barbaric but as disproportionate to the crime." Id. "The concept of proportionality is central to the Eighth Amendment. Embodied in the Constitution's ban on cruel and unusual punishment is the 'precept of justice that punishment

-1-

for crime should be graduated and proportioned to [the] offense.'" Id. (citing Weems v. United States, 217 U.S. 349, 367 (1910)) (alteration in original).

"[Supreme] Court[ ] cases addressing the proportionality of sentences fall within two general classifications." Id. The instant case is one that is covered by the first of those two general classifications because it "involves [a] challenge[] to the length of term-of-years sentence[] given all the circumstances in a particular case." Id. "In the first classification the Court considers all of the circumstances of the case to determine whether the sentence is unconstitutionally excessive." Id.

The government contends that the defendant's motion is not ripe. The court agrees.

"'[A] claim is not ripe if it depends upon "contingent future events that may not occur as anticipated, or indeed may not occur at all."'" United States v. Traficante, 966 F.3d 99, 106 (2020) (quoting Nat'l Org. for Marriage, Inc. v. Walsh, 714 F.3d 682, 687 (2d Cir. 2013) (quoting Thomas v. Union Carbide Agric. Prods. Co., 473 U.S. 568, 580-81 (1985))). In Traficante, the District Court imposed a number of conditions of supervised release. See Traficante, 966 F.3d at 102. Traficante challenged "the once-standard risk condition that gave Traficante's probation officer discretion both to determine whether

Traficante posed a risk to others and, if so, to require him to notify such persons about that risk." Id. (internal citations omitted). In determining that Traficante's vagueness challenge was "clearly not ripe," id. at 106, the court observed: "If the court determines that Traficante poses a specific risk and enlarges the condition by requiring him to notify a third party, he can raise any vagueness challenge at the Rule 32.1 hearing accompanying modification." Id.

Here Amadeo has not pled guilty, nor has he gone to trial. Thus, there has been no factual determination that he is actually guilty of the crime charged in the indictment. In fact, in his reply memorandum, he suggests that "[t]he court might also encourage the government to substitute a more appropriate charge . . . ." Def.'s Reply Mem. Support Mot. Dismiss Indictment (ECF No. 115) at 6. Given that Amadeo's "as applied" challenge requires the court to consider "all the circumstances of the case to determine whether the sentence is unconstitutionally excessive," Graham, 560 U.S. at 59, the court agrees with the government that "[p]rior to a trial or guilty plea, factual development of these circumstances is insufficient." Gov.'s Opp. Def.'s Mot. Dismiss Indictment (ECF No. 114) at 11. Among other things, as the government points out, "Amadeo's basis for the dismissal of the indictment rests exclusively on his alleged diagnoses, and the only evidence that

he has provided is Dr. Geysen's report." <u>Id.</u>

Thus, the court need not reach the issue of whether Amadeo has identified any hardship he would suffer should the court wait until any sentencing in this case to resolve his Eighth Amendment challenge. <u>See</u> <u>United States v. Balon</u>, 384 F.3d 38, 46 (2d Cir. 2004) ("In addressing any and all ripeness challenges, courts are required to make a fact-specific determination as to whether a particular challenge is ripe by deciding whether (1) the issues are fit for judicial consideration, and (2) withholding of consideration will cause substantial hardship to the parties.").

For the reasons set forth above, the defendant's Motion to Dismiss Indictment (ECF No. 103) is hereby DENIED.

It is so ordered.

Dated this 6th day of March 2023, at Hartford, Connecticut.

/s/AWT
Alvin W. Thompson
United States District Judge