UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| UNITED STATES OF AMERICA | ) | JUDGMENT IN A CRIMINAL CASE |
|---|---|---|
| | ) | |
| v. | ) | Case Number: **3:22-CR-00090-AWT** |
| | ) | USM Number: 48443-509 |
| **JOSEPH AMADEO** | ) | |
| | ) | |
| | ) | **Amanda Oakes** |
| | | **Shan Patel** |
| | ) | Assistant United States Attorneys |
| | ) | |
| | ) | **Tracy Hayes, Esq.** |
| | ) | Defendant's Attorney |

**THE DEFENDANT:** plead guilty to Count(s) One of the Indictment.

Accordingly, the defendant is adjudicated guilty of the following offense(s):

| **Title & Section** | **Nature of Offense** | **Offense Ended** | **Count** |
|---|---|---|---|
| 18:2252A(a)(2) and (b)(1) | Receipt Of Child Pornography | 03/2/2020 | 1 |

The sentence is imposed pursuant to the Sentencing Reform Act of 1984. The court concluded that a "non-Guidelines sentence," as opposed to a "Guidelines sentence," see United States v. Crosby, 397 F.3d 103, 112 n.6 (2d Cir.2005), was appropriate in this case.

**IMPRISONMENT**

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a period of 84 months. The court imposed a non-Guidelines sentence after balancing mitigating and aggravating factors and placing primary weight on the need for specific deterrence and the need to protect the public from further crimes committed by the defendant. As to mitigating factors, the court considered the fact that the defendant has not previously been incarcerated; and the concerns that have been raised about the structure of the child pornography guidelines, see United States v. Dorvee, 616 F.3d 174 (2d Cir. 2010) and United States v. Lauersen, 362 F.3d 160 (2d Cir. 2004). The court found that under the specific circumstances of this case the defendant's ASD was not a mitigating factor. As to aggravating factors, the court placed significant weight on the fact that this is the second time the defendant has been convicted based on his involvement with child pornography; the fact that he was on the sex offender registry, made use of the Dark Web to avoid detection, and collected a greater number of images than previously; and the fact that there is a high risk that the defendant will reoffend.

DEFENDANT: JOSEPH AMADEO
CASE NUMBER: 3:22-CR-00090-AWT(01)

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be placed on supervised release for Life.

The Mandatory and Standard Conditions of Supervised Release as attached, are imposed. In addition, the following Special Conditions are imposed:

1. The defendant must not associate with or have contact with convicted sex offenders or those considered inappropriate by the Probation Office because of a connection to sexual abuse of minors or sexually explicit materials involving minors, unless as part of an approved counseling program.

2. The defendant must comply with the requirements of the Sex Offender Registration and Notification Act, 34 U.S.C. § 20901, et seq. (formerly 42 U.S.C. 16901, et seq.), as directed by the Probation Office, the Bureau of Prisons, or any state sex offender registration agency where the defendant resides, works, or was convicted of a qualifying offense.

3. The defendant must participate in mental health treatment, with an emphasis on sexual offender treatment, as recommended by the United States Probation Office and approved by the court, and must abide by the policies and procedures of the program, which may include polygraph testing. The defendant must pay all or a portion of the costs associated with treatment based upon his ability to pay as recommended by the Probation Office and approved by the court.

4. The defendant must submit to periodic polygraph testing at the discretion of the Probation Office as a means to ensure that the defendant is in compliance with the requirements of the defendant's supervision following the completion of a sex offender treatment program. The defendant must pay all or a portion of the costs associated with testing based upon his ability to pay as recommended by the Probation Office and approved by the court.

5. The defendant must not view, purchase, or possess any materials including, but not limited to, pictures, photographs, books, writings, drawings, videos, or video games depicting what is described as child pornography as defined in 18 U.S.C. § 2256(8), or otherwise contrary to the anti-pornography laws of the United States.

6. The defendant must not have direct contact with any child the defendant knows or reasonably should know to be under the age of 18, without permission of the probation officer. If applicable, the U.S. Probation Office, in consultation with appropriate child welfare agencies and/or treatment providers, and with the approval of the court, will determine whether the defendant may have such contact with the defendant's relatives.

7. The defendant must provide the U.S. Probation Office with access to any requested financial records, including but not limited to, telephone/cellular phone bills, and credit card statements. The purpose of this condition is to ensure that the defendant does not (i) purchase software, equipment, or services designed to block or circumvent the computer monitoring condition, (ii) purchase child pornography or access child pornography, or (iii) have contact with minors.

8. The defendant shall avoid, and is prohibited from being in, any areas or locations where children under the age of 18 are likely to congregate, such as schools, daycare facilities, playgrounds, and theme parks, unless prior approval has been obtained from the U.S. Probation Office.

9. The defendant must not be employed in any position or participate as a volunteer in any activity that involves contact with children under the age of 18, except as approved by the probation officer.

DEFENDANT: JOSEPH AMADEO
CASE NUMBER: 3:22-CR-00090-AWT(01)

10. The defendant must submit his person, residence, office, and vehicle to a search, conducted by a United States Probation Officer, at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release. The defendant must warn any other residents of the premises or users of such vehicles that the premises and vehicles may be subject to searches pursuant to this condition.

11. The defendant must submit all computers (as defined in 18 U.S.C. § 1030(e)(1)), mobile phones, other electronic communications or data storage devices, media cameras, drones, photographic equipment, and other Internet capable devices and related equipment (collectively, "electronic devices"), owned, controlled, or used by the defendant to a search, conducted by a United States Probation Officer, at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release. The defendant must warn any other users of such items that the items may be subject to searches pursuant to this condition.

12. The defendant must permit the U.S. Probation Office to install monitoring software on any and all electronic devices owned, controlled, or used by the defendant, for the purpose of determining whether the defendant is viewing or accessing child pornography, as defined in 18 U.S.C. § 2256(8) and/or whether the defendant has been in contact with minors. The defendant must pay all or a portion of the costs associated with such monitoring based upon the defendant's ability to pay, as recommended by the U.S. Probation Office and approved by the court. The defendant must not download, install, or utilize any application, software, or hardware that will prevent the U.S. Probation Office from monitoring such electronic devices. This includes, but is not limited to, encryption, anonymity, or invisible mode software or devices, or dark web Internet browsers.

13. To ensure compliance with the preceding monitoring condition, the defendant must allow the U.S. Probation Office or its designee to conduct initial and periodic unannounced reviews of any and all electronic devices subject to monitoring for the purposes of determining whether (1) the device contains any prohibited data prior to the installation of the monitoring software; (2) the monitoring software is functioning effectively after its installation; and (3) there have been attempts to circumvent the monitoring software after its installation. The defendant must warn any other people who use these devices that the devices may be subject to review pursuant to this condition. The defendant must allow the U.S. Probation Office to use such equipment as is necessary to determine the presence of an Internet / Wi-Fi connection.

14. If the probation officer determines that the defendant poses a risk to another person (including an organization), the probation officer may, with the court's authorization, require the defendant to notify the person or organization about the risk and the defendant must comply with that instruction. The probation officer may contact the person or organization and confirm that the defendant has notified the person about the risk.

15. The defendant must consent to third-party disclosure to any employer or potential employer, community service site, or other interested party, with the court's approval, of any computer-related restrictions that are imposed.

16. The defendant must not knowingly communicate with anyone the defendant knows or reasonably should know to be a minor, via telephone, text messaging, email, social media, mobile application, the Internet, or other electronic means.

17. If restitution is ordered, the defendant must provide the probation officer access to any requested financial information and authorize the release of any financial information. The Probation Office may share financial information with the U.S. Attorney's Office and the Federal Defender's Office.

DEFENDANT: JOSEPH AMADEO
CASE NUMBER: 3:22-CR-00090-AWT(01)

18. The defendant must pay any restitution that is imposed in this case. If the defendant is unable to pay the full amount in a lump sum, any remaining balance is payable at a rate of not less than $100 per month or 10% of the defendant's gross monthly income, whichever is greater. The monthly payment schedule may be adjusted based on the defendant's ability to pay as determined by the probation officer and approved by the court.

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments as follows:

**Special Assessment:**   $100.00, due and payable immediately
**Fine:**                 $.00
**Restitution:**          $ To be determined

It is further ordered that the defendant will notify the United States Attorney for this district within 30 days of any change of name, residence or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are paid.

## FORFEITURE

The Order of Forfeiture (ECF No. 174), pursuant to which the defendant forfeited to the Unites States of America all right, title, and interest he has in: (1) a Seagate Hard Drive bearing serial number NA8F7K84; (2) A Lenovo Laptop; (3) A CPU Tower; (4) a Dell CPU; (5) Twenty-four Thumb Drives; (6) Three Micro SD Cards; (7) A Lexar SD Card; (8) A Micro San Disk; (9) Two cellphones; (10) A Samsung cellphone; (11) A LG Flip Phone; (12) A black Amazon Fire tablet; (13) A red Amazon Fire tablet; (14) A Nook tablet; (15) Four CDs; (16) a Western Digital External Hard Drive bearing serial number WCC4NA78JKZn; (17) A Toshiba Hard Drive; (18) A WDL Hard Drive; (19) A My Passport Hard Drive; and any and all related other computers, thumb drives, cell phones, tablets, DVDs CDs, and other storage media not otherwise listed, is made final as to the defendant and is part of his sentence in this case.

## JUDICIAL RECOMMENDATION(S) TO THE BUREAU OF PRISONS

The court recommends to the Bureau of Prisons that the defendant be designated to FCI Danbury because it offers the Nonresidential Sex Offender Treatment Program.

## SELF SURRENDER

The defendant shall self-surrender directly to the facility designated by the Federal Bureau of Prisons on February 8, 2024, no later than 12:00 noon, under his own power and at his own expense. In the event the defendant does not receive the designation by the Bureau of Prisons prior to the surrender date, the defendant must self-surrender as instructed to the United States Marshals Service on February 8, 2024, no later than 12:00 noon.

DEFENDANT: JOSEPH AMADEO
CASE NUMBER: 3:22-CR-00090-AWT(01)

January 8, 2024
Date of Imposition of Judgment

/s/ Judge Alvin W. Thompson
Signature of Judge

**ALVIN W. THOMPSON**
**UNITED STATES DISTRICT JUDGE**
Name and Title of Judge

1/10/2024
Date

DEFENDANT: JOSEPH AMADEO
CASE NUMBER: 3:22-CR-00090-AWT(01)

## CONDITIONS OF SUPERVISED RELEASE

In addition to the Standard Conditions listed below, the following indicated (■) Mandatory Conditions are imposed:

### MANDATORY CONDITIONS

(1) You must not commit another federal, state or local crime.

(2) You must not unlawfully possess a controlled substance.

(3) You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

   ■ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*

(4) ■ You must make restitution in accordance with 18 U.S.C.§§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*

(5) ■ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*

(6) ■ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*

(7) ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

### STANDARD CONDITIONS

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

(1) You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
(2) After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
(3) You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
(4) You must answer truthfully the questions asked by your probation officer.
(5) You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
(6) You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
(7) You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
(8) You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
(9) If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
(10) You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
(11) You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
(12) You must follow the instructions of the probation officer related to the conditions of supervision.

Upon a finding of a violation of supervised release, I understand that the court may (1) revoke supervision and impose a term of imprisonment, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

DEFENDANT: JOSEPH AMADEO
CASE NUMBER: 3:22-CR-00090-AWT(01)

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _____     _____
Defendant                                    Date

_____               _____
U.S. Probation Officer/Designated Witness    Date


CERTIFIED AS A TRUE COPY ON THIS DATE: _____
By: _____
Deputy Clerk


RETURN
I have executed this judgment as follows:

Defendant delivered on _____ to _____ at _____,
with a certified copy of this judgment.

Lawrence Bobnick
Acting United States Marshal

By _____
Deputy Marshal